NAEK CONSTRUCTION COMPANY, INC. *v.* WILCOX EXCAVATING CONSTRUCTION COMPANY, INC.
(AC 17548)

Landau, Sullivan and Kulawiz, Js.

Argued December 9, 1998—officially released March 23, 1999

*Lawrence G. Rosenthal,* for the appellant (plaintiff).

*Charles W. Bauer,* for the appellee (defendant).

*Opinion*

LANDAU, J. The plaintiff, Naek Construction Company, Inc., appeals from the judgment of the trial court denying the plaintiff's motion to vacate an arbitration award rendered in favor of the defendant, Wilcox Excavating Construction Company, Inc., and granting the cross application to confirm the award. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiff, as general contractor, entered into a contract (prime contract) with the state of Connecticut to construct barracks for Troop C of the state police in Tolland (project). The plaintiff subsequently entered into a subcontract with the defendant, who was to perform the site excavation for the project. Thereafter, disputes arose between the parties and the subcontract was terminated.[1] Consequently, the defendant commenced an arbitration proceeding pursuant to the arbitration clause of the subcontract. The plaintiff filed a counterclaim. On June 5, 1996, the arbitrator awarded $96,837.80 to the defendant and $67,152 to the plaintiff on its counterclaim.[2] The plaintiff filed an application to vacate the award, pursuant to General Statutes § 52-420, and the defendant filed a cross application to confirm the award. The trial court denied the application

[1] Some of the disputes allegedly arose due to changes requested by the state.

[2] The award also included the following language: "In accordance with the request of the parties, included in the [defendant's] award are the following: Tomko Electric Company's claim $6625, MPH's claim $1325."

to vacate the award and granted the defendant's cross application to confirm the award. This appeal followed.

On appeal, the plaintiff claims[3] that the trial court improperly confirmed the award because the form of the award does not conform with the arbitration clause in the subcontract,[4] which by reference incorporates the arbitration provision of the prime contract.[5] The trial court, however, in ruling that the award conformed with the submission, determined that the original or a copy of the executed prime contract was not in evidence before the arbitrator and that the plaintiff failed to prove that the award did not comply with General Statutes § 4-61 (d) and (e).[6] We agree.

[3] The plaintiff framed the issue as follows: "Did the trial court err in not finding that the arbitrator failed to perform his duties in failing to issue findings of fact pursuant to General Statutes § 4-61?" The following issues are subsumed in the plaintiff's primary claim: (1) the contract specified that the provisions of any submittal to arbitration would be pursuant to the same rules and procedures as set forth in § 4-61; (2) the rendition of the arbitration award was restricted to the terms of § 4-61 and thus findings of fact were mandated by these procedures; and (3) the arbitrator did not perform his duties as specified and in violation of General Statutes § 52-414.

[4] Section 6.1 of the subcontract provides: "Any controversy or claim between the Contractor and Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and the Contractor, except that a decision by the Architect shall not be a condition precedent to arbitration. If the Prime Contract does not provide for arbitration or fails to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise."

[5] The plaintiff claims that the prime contract provides that, pursuant to state mandate, arbitration proceedings are to be controlled by subsections (d) and (e) of General Statutes § 4-61, which is entitled "Actions against the state on highway and public works contracts. Arbitration." The plaintiff claims that the arbitrator's factual determinations are necessary in order for it to present its claims against the state.

[6] General Statutes § 4-61 provides in relevant part: "(d) Hearings shall be scheduled for arbitration in a manner that shall ensure that each party shall have reasonable time and opportunity to prepare and present its case, taking into consideration the size and complexity of the claims presented. . . .

"The [appellate] court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law. . . ." Practice Book § 60-5. "The scope of review by the court of an arbitrator's power to make an award is limited. Arbitration is a creature of contract between the parties and its autonomy requires a minimum of judicial intrusion. . . . The parties themselves, by the agreement of the submission, define the powers of the arbitrator. . . . The submission constitutes the charter of the entire arbitration proceedings and defines and limits the issues to be decided. . . . When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits. . . . An application to vacate or correct an award should be granted when an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission. (Citations omitted.) *Bic Pen Corp.* v. *Local No. 134*, 183 Conn. 579, 583–84, 440 A.2d 774 (1981)." (Internal quotation marks omitted.) *Hartford* v. *International Assn. of Firefighters, Local 760*, 49 Conn. App. 805, 811–12, 717 A.2d 258, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998).

"In determining whether a submission is unrestricted, we look at the authority of the arbitrator. The authority of the arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit

"(e) The arbitrators shall conduct the hearing and shall hear evidence as to the facts, and arguments as to the interpretation and application of contractual provisions. After the hearing, the arbitrators shall issue in writing: (1) Findings of fact, (2) a decision in which the arbitrators interpret the contract and apply it to the facts found and (3) an award. . . ."

rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted. . . . *Perkins & Mario, P.C.* v. *Annunziata*, 45 Conn. App. 237, 239–40, 694 A.2d 1388 (1997)." (Internal quotation marks omitted.) *Hartford* v. *International Assn. of Firefighters, Local 760*, supra, 49 Conn. App. 812.

The following additional facts and procedural history are necessary for our resolution of this appeal. During the arbitration proceedings, the parties submitted joint exhibits to the arbitrator. Although one of the exhibits purported to be a copy of the prime contract, it was incomplete and not signed. After the arbitrator issued his award, the plaintiff asked that the arbitrator conform his award to § 4-61 (e). The arbitrator denied the request. The plaintiff then moved to vacate the award claiming that (1) the award did not conform to the contract requirement to follow § 4-61 (e), (2) the arbitrator was guilty of misconduct in accepting evidence after the close of the proceedings and (3) the arbitrator imperfectly executed his powers in not providing a mutual, final and definite award.[7] At oral argument, the plaintiff claimed that because the arbitrator failed to issue an award that conforms with § 4-61 (e), it cannot pursue its claims against the state.

The trial court heard oral argument on the parties' motions on several days. On December 30, 1996, with the consent of the parties and with their agreement as to the language of the request, the trial court asked the arbitrator for an articulation of his award. The arbitrator responded to the trial court on March 14, 1997. The articulation consisted of several attachments or tabs; tab B sets forth how the defendant's award was computed and tab C sets forth how the plaintiff's award was computed. The plaintiff renewed its application to

---

[7] These issues are subsumed in the plaintiff's appeal to this court.

vacate the award, claiming that the articulation articulated only the damages without any conclusions of law or findings of fact as required by § 4-61 (e). The defendant renewed its objection to the application to vacate.

The trial court determined that the submission to the arbitrator was the subcontract between the parties and that article I of the subcontract provides that "the subcontract documents consist of . . . (2) the Prime Contract, consisting of the Agreement between the [state and the plaintiff] . . . ." Article 6.1 of the subcontract provides that arbitration "shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the [state and the plaintiff] . . . . If the Prime Contract does not provide for arbitration or fails to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . ." The trial court found that the prime contract between the state and the plaintiff was never in evidence before the arbitrator. In response to the plaintiff's claim that the prime contract was incorporated by reference, the trial court reasoned that, assuming the plaintiff's argument is correct, the original or a copy of the executed prime contract should have been submitted to the arbitrator to ensure its accuracy and to advise the arbitrator of its provisions. Without the provisions of the prime contract before him, the arbitrator properly concluded that the submission was made pursuant to the construction industry arbitration rules of the American Arbitration Association. The trial court, therefore, concluded that the submission to the arbitrator was unrestricted and that the award conformed with the submission. We agree with the trial court's reasoning.

As we have stated, the parties determine the scope of the arbitration submission by the terms of their

agreement. See *Hartford* v. *International Assn. of Fire-fighters, Local 760,* supra, 49 Conn. App. 811–12. Section 6.1 of the subcontract provided for arbitration of the parties' differences. Assuming, without deciding whether the prime contract was incorporated by reference in the subcontract, we conclude that it was incumbent upon the plaintiff to put the prime contract in evidence before the arbitrator. The incomplete, unexecuted copy of the prime contract included in the joint exhibits submitted to the arbitrator is not evidence of the terms of the prime contract. See *Suffield Development Associates Ltd. Partnership* v. *Society for Savings,* 243 Conn. 832, 843, 708 A.2d 1361 (1998); *Smallmill Brook Racing Assn., Inc.* v. *Boston Realty Advisors, Inc.,* 39 Conn. App. 444, 453, 664 A.2d 819 (1995). Without evidence of the terms of the prime contract, the arbitrator could conclude only that the submission was to conform to the construction industry arbitration rules and that the arbitration was, therefore, unrestricted.

Because the submission was unrestricted, the trial court properly confirmed the arbitration award, and we need not consider the issues subsumed in the plaintiff's main claim.[8]

---

[8] The trial court also determined that to confirm the award it need not address the plaintiff's additional claims, but it did address them in its memorandum of decision. Even if we were to assume that § 4-61 applies to the proceedings, the trial court found in its memorandum of decision that the award was in compliance with the statute: "There is no question that a written award was made on June 5, 1996. Findings of fact were clearly set out in the award *and* in the arbitrator's articulation dated March 14, 1997, in which he broke down the amounts awarded and described them. The descriptions in tabs B and C, i.e., 'surveyor's mistakes, additional cost for protection due to project hold-up, cost to correct work not acceptable, cost to complete the Mizzy contract less Wilcox remaining,' clearly show to those in the construction industry the basis of the awards as they are applicable to the terms of the contract." (Emphasis added.)

The trial court also found that the plaintiff did not sustain its burden of proof that the arbitrator accepted and used evidence from the defendant submitted after the close of evidence. The defendant claimed that what the

The judgment is affirmed.

In this opinion the other judges concurred.

plaintiff terms "new evidence" was merely a summary or comparison of evidence before the arbitrator. The trial court found that the defendant filed the "new evidence" with its posttrial brief. The plaintiff filed a lengthy objection to the "new evidence" dated March 16, 1996. Although the arbitrator advised the parties that he was keeping the hearings open beyond the submission of briefs until April 30, 1996, the plaintiff never requested a hearing. The trial court found that the arbitrator clearly considered the objection by granting objections as to appendices four, seven and nine, and had them removed from his copy of the defendant's brief. The trial court then concluded that the plaintiff had not sustained its burden that it had been denied a full and fair hearing pursuant to General Statutes § 52-418 (a) (3).