[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO VACATE ARBITRATION AWARD
This case arises out of a grievance filed by a member of the International Federation of Professional and Technical Engineers, Local 134 (Union), against the defendant, the town of Stratford. After the grievance was denied, the plaintiff Union, submitted the grievance for arbitration with the State Board of Mediation and Arbitration (SBMA), which scheduled a hearing for May 7, 1998. On April 23, 1998, the SBMA sent a notice to the defendant erroneously stating that the case had been withdrawn. On May 1, 1996, the SBMA issued a corrective notice stating that the arbitration hearing was still scheduled for May 7, 1998.
According to the parties, at the hearing, the defendant for the first time claimed that the grievance was not arbitrable because it had not been timely filed. The plaintiff objected to the panel's consideration of this claim on the ground that the defendant did not file a written notice raising the issue of arbitrability at least ten days before the hearing as required by General Statutes § 31-97(b). The defendant responded that its failure to file a timely notice was due to the erroneous notice it received from the SBMA indicating that the arbitration had been withdrawn. Upon rendering an oral award finding that the case was not arbitrable, the arbitration panel stated that "it could excuse an error made by the State." (Plaintiff's Memorandum, p. 3).
The arbitration panel subsequently issued a written award, defining the submission as: "Is Case 9596-A-865 arbitrable?" The panel answered the submission as follows: "A unanimous panel has determined Case 9596-A-865 is not arbitrable." On June 12, 1998, the plaintiff filed an application to vacate the award contending that the panel violated General Statutes § 52-418(4). In response, the plaintiff filed an objection to the defendant's application to vacate and a memorandum in support thereof. CT Page 11776
"The scope of judicial review of arbitration awards is very narrow. Our courts favor arbitration as a means of settling differences and uphold the finality of arbitration awards except where an award clearly falls within the proscriptions of § 52-418 of the General Statues. . . . Subsection (a)(4) of General Statutes § 52-418, the subsection under which the [plaintiff] pursues its claims of error, provides in part that an award is invalid if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Generally, any challenge to an award pursuant to General Statutes [§ 52-418 (a)(4)] on the ground that the arbitrators exceeded or imperfectly performed their powers is properly limited to a comparison of the award to the submission. . . . If the award conforms to the submission, the arbitrators have not exceeded their powers." (Citations omitted; internal quotation marks omitted.)Exley v. Connecticut Yankee Greyhound Racing, Inc., 59 Conn. App. 224,228, ___ A.2d ___ (2000).
The plaintiff claims that the arbitration award issued by the SBMA should be vacated pursuant to General Statutes § 52-418(a)(4) on the ground that the arbitrators exceeded or imperfectly performed their powers by allowing the defendant to raise the issue of arbitrability even though the defendant did not comply with the notice requirement of General Statutes § 31-97(b). The defendant contends that the arbitration award should not be vacated because the arbitration panel, exercising its discretionary authority pursuant to § 31-97(b), determined that reasonable cause existed for the defendant's failure to file a written notice raising the issue of arbitrability at least ten days before the hearing.
General Statutes § 31-97(b) provides that "[n]o panel of [the SBMA] may consider any claim that one or more of the issues before the panel are improper subjects for arbitration unless the party making such claim has notified the opposing party and the chairman of the panel of such claim, in writing, at least ten days prior to the date of hearing, except that the panel may consider such claim if it determines there was reasonable cause for the failure of such party to comply with said notice requirement."[1] Because both parties agree that defendant did not file a written notice raising the issue of arbitrability at least ten days before the hearing, the only question remaining is whether the arbitration panel determined that there was reasonable cause for the defendant's failure to comply with the notice requirement.
The arbitration panel makes no mention of General Statutes § 31-97(b) in its June 25, 1998, written arbitration award. In fact, there is no indication on the record before the court that the arbitration panel CT Page 11777 applied the statute to the question of whether it should decide the issue of arbitrability. Although the arbitration panel, upon rendering its oral award, apparently stated that "it could excuse an error made by the State," the record does not indicate either the specific entity or the error to which the panel was referring. From the record before the court, it appears that the arbitrators exceeded or imperfectly performed their powers by allowing the defendant to raise the issue of arbitrability without first determining whether there was reasonable cause for the defendant's failure to comply with the notice requirement of General Statutes § 31-97(b).
Accordingly, the arbitration award is vacated pursuant to General Statutes § 52-418(a)(4).
SKOLNICK, J.