[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendant's motion for summary judgment, filed on December 7, 2000, and the plaintiff's objection and cross-motion for summary judgment, filed on January 22, 2001. The plaintiff is Matthew Stach and the defendant is Farm Family Casualty Insurance Company, a corporation licensed to transact business in Connecticut and authorized to issue the insurance policy that is the subject of the plaintiff's cause of action.
 FACTS
On April 12, 1999, the plaintiff filed a two count complaint against the defendant, which he amended on June 15, 1999, alleging the following facts. On March 29, 1994, the plaintiff sustained injuries when he was negligently and carelessly attacked by Christopher Kent, an insured under a policy issued by the defendant to Thomas Kent. The plaintiff brought a cause of action against Christopher Kent,[1] which resulted in a default against Christopher Kent and a judgment in damages for the plaintiff. The plaintiff brings the present action against the defendant in an effort to collect the judgment rendered in his favor against Christopher Kent.
On December 17, 2000, the defendant filed its motion for summary judgment on the ground that there are no genuine issues of material fact relative to the propriety of the defendant's disclaimer against Christopher Kent and the defendant is entitled to judgment as a matter of law.[2] On January 22, 2001, the plaintiff filed his objection to the defendant's motion and his cross-motion for summary judgment on the ground that there are no genuine issues of material fact that the defendant had a duty to defend Christopher Kent in the plaintiff's suit against Kent and that, because it breached its insurance contract with Kent, the defendant must abide by the consequences of its breach by CT Page 7006 satisfying the judgment the plaintiff obtained against Kent.[3] The court heard oral arguments on the motion for summary judgment and on the cross-motion for summary judgment on April 9, 2001.
 DISCUSSION
Although not raised by the parties, the threshold issue raised by the motions before the court is whether the plaintiff has standing to bring his cause of action against the defendant. "[S]tanding . . . implicates a court's subject matter jurisdiction . . . [and] may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646,656, 674 A.2d 821 (1996). "[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Jolly, Inc.v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). "The trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question. . . ." Glastonbury Volunteer AmbulanceAssn., Inc. v. FOIC, 227 Conn. 848, 851, 633 A.2d 305 (1993).
"Standing is the legal right to set the judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) State v. DeCaro, 252 Conn. 229, 253, 745 A.2d 800 (2000);Presidential Capital Corp. v. Reale, 231 Conn. 500, 504, 652 A.2d 489
(1994). In the present case, the plaintiff attempts to assert rights under the defendant's insurance policy with Thomas Kent, under which Christopher Kent is an insured. "In general, a party does not have standing to raise rights belonging to another." Stamford Hospital v.Vega, supra, 236 Conn. 657. "[Parties] are not fungible, even if they. have similar interests." (Internal quotation marks omitted.) Exley v.Connecticut Yankee Greyhound Racing, Inc., 59 Conn. App. 224, 235,755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000).
Although neither party to the present action raises the issue, it is unclear whether the plaintiff has standing to bring his claims against the defendant. "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." (Internal quotation marks omitted.) Imperial Casualty Indemnity Co. v. State, 246 Conn. 313,324, 714 A.2d 1230 (1998). "It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . . ." (Internal quotation marks omitted.) Tomlinson y. Board of Education, 226 Conn. 704, 718, 629 A.2d 333
(1993). Accordingly, in order for the plaintiff in the present case to CT Page 7007 have standing to bring this suit, he must show that he was a party to the contract between Thomas Kent and the defendant or that he was a contemplated third party beneficiary of the contract between Thomas Kent and the defendant.
Based on the homeowners insurance policy attached to the defendant's motion for summary judgment, there is no question that the defendant had an insurance contract with Thomas Kent. (Defendant's motion, Exhibit 2.) Christopher Kent, as a relative of Thomas Kent, would also be an insured under the insurance contract if Christopher Kent is a resident of the named insured's household. (Defendant's motion, Exhibit 2 "Introduction — SFP `10' Policy," page 1.) The plaintiff does not claim to be a party to the defendant's contract with Thomas Kent and, thus, cannot meet the first part of the standing test.
"A third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract. . . . Therefore, a third party beneficiary who is not a named obligee in a given contract may sue the obligor for breach. . . ." (Citations omitted; internal quotation marks omitted. Rapaport Bendict, P.C. v.Stamford, 39 Conn. App. 492, 497, 664 A.2d 1193 (1995); see also GatewayCo. v. DiNoia, 232 Conn. 223, 230-31, 654 A.2d 342 (1994). "The proper test to determine whether a [contract] creates a third party beneficiary relationship is whether the parties to the [contract] intended to create a direct obligation from one party to the [contract] to the third party." (Internal quotation marks omitted.) Rapaport Benedict, P.C. v.Stamford, supra, 39 Conn. App. 498. "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." (Internal quotation marks omitted.) HLO LandOwnership Associates Ltd. Partnership v. Hartford, 248 Conn. 350,356-57, 727 A.2d 1260 (1999); see also Grigerik v. Sharpe, 247 Conn. 293,311-12, 721 A.2d 526 (1998) (where court found that "[t]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to thecontract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of theparties.").
In the present case, there is no claim in the amended complaint that Thomas Kent, Christopher Kent or the defendant intended to confer, through their insurance contract, any direct benefit to the plaintiff. See Rapaport Benedict, P.C. v. Stamford, supra, 39 Conn. App. 499
(where relevant section of collective bargaining agreement at issue CT Page 7008 plainly and unambiguously created a direct obligation from the city to a member of the union, but failed to create a direct obligation from the city to a firm providing legal services to the union member.) Therefore, the plaintiff also fails to satisfy the second test for standing as a third party beneficiary under the relevant insurance policy.
If the plaintiff had alleged an interest in the contract of insurance or the status of a third party beneficiary, summary judgment might be the appropriate procedural motion. When the plaintiff has alleged neither, he has pled no interest in the insurance policy and consequently has no standing. The case is dismissed for lack of subject matter jurisdiction.
BY THE COURT
Kevin E. Booth, J.