[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 145)
The plaintiff, Seaco Insurance Company, as subrogee of the insured, Beazley Company Realtors (Beazley), brings this action for indemnification against the defendants, Devine Brothers, Inc. (Devine), Paul McDonald and Laura Warren,[1] to recover damages for payments that the plaintiff made, on behalf of Beazley, to Mary Ellen Brown and Robyn Callow O'Reilly.
The plaintiff commenced this action on April 5, 2000, and subsequently revised its complaint on October 5, 2000. The plaintiff's revised complaint for indemnification is in three counts and sounds in negligence.[2] Count one is against Devine and alleges, inter alia, that the injuries sustained by Brown and O'Reilly were caused by the negligence of Devine in failing to properly monitor and report the poor and defective condition of the furnace to Beazley and in failing to perform necessary repairs. Counts two and three are against the defendants and allege, inter alia, that the injuries sustained by Brown and O'Reilly were caused by the negligence of the defendants in failing to comprehend and act upon the notice from Devine that the furnace was defective and in failing to have the furnace replaced in a timely manner despite the fact that they knew or should have known that the furnace posed a danger to residents of the premises. On December 5, 2000, Devine filed an answer and three special defenses alleging, inter alia, that the plaintiff fails to state a claim upon which relief can be granted.[3] On December 19, 2000, the defendants filed an answer, three special defenses and a counterclaim, alleging, inter alia, that the injuries sustained by Brown and O'Reilly were caused in whole or in party by the actions of Beazley.
On February 20, 2001, the plaintiff filed a motion to dismiss the defendants' counterclaim on the ground that the court does not have jurisdiction over an entity that is not a party to the present action.[4]
The defendants filed an objection to the plaintiff's motion accompanied by a memorandum of law on March 12, 2001.[5]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. CT Page 7442Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "In ruling upon whether a [counterclaim] survives a motion to dismiss, a court must take the facts to be those alleged in the [counterclaim], including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997)
The plaintiff claims that neither the rules of practice nor Connecticut case law authorizes the defendants to assert a counterclaim against the plaintiff for the conduct of an entity that is not a party to the lawsuit. Moreover, the plaintiff argues that even if the court were to deny its motion to dismiss, the statute of limitations on any action against Beazley has expired. The defendants respond that the plaintiff, as subrogee of its insured, Beazley, stands in Beazley's shoes and, therefore, is subject to any and all defenses which would have been available against Beazley had Beazley brought suit in its own name.
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff. . . . A defendant may also file a counterclaim . . . against any other party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant." (Emphasis added.) Practice Book § 10-10. "The jurisdiction of the trial court is limited [however] to those parties expressly named in the action coming before it . . . Until one is given notice of the actions or proceedings against him and is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment either for or against him even though it may have jurisdiction over the subject matter. One who is not served with process does not have the status of a party to the proceeding. . . . [Thus] [a] court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Exley v. Connecticut Yankee Greyhound Racincg, Inc.,59 Conn. App. 224, 234, 755 A.2d 990, cert. denied, 254 Conn. 939,761 A.2d 760 (2000)
In the present case, the defendants' counterclaim is based on acts and omissions of Beazley, not acts and omissions of the plaintiff. Furthermore, in the counterclaim, the defendants seek damages from Beazley, not from the plaintiff. Therefore the court lacks jurisdiction over Beazley and over the defendants' counterclaim because the allegations contained in the defendants' counterclaim pertain to CT Page 7443 Beazley, an entity that is not a party to this action. Exley v.Connecticut Yankee Greyhound Racing, Inc., supra, 59 Conn. App. 234. Moreover, Beazley has not been provided with notice as to the claims made against it nor has it had the opportunity to appear before the court and be heard. Thus, the court lacks jurisdiction over any proceedings against Beazley as a matter of law. Id.
There is no question, as the defendants argue, that the plaintiff, as subrogee of its insured, Beazley, stands in Beazley's shoes and is subject to any and all defenses which would have been available against Beazley had Beazley brought suit in its own name; however, a counterclaim to an action is not a defense to an action. While the court agrees with the defendants' proposition that a subrogee stands in the place of the insured and succeeds to whatever rights the insured may have had in the matter, it disagrees with the proposition that these rights include the "right" to be subject to a counterclaim based on the conduct of an entity that is not a party to the action. In Orselet v. DeMatteo, 206 Conn. 542,546-47, 539 A.2d 95 (1988), our Supreme Court held that "any defense
which a wrongdoer has against the insured is good against the insurer subrogated to the rights of the insured. . . . [Thus] [a] subrogee can obtain no greater rights against a third person than its subrogor had." (Citation omitted; emphasis added; internal quotation marks omitted.). "A counterclaim is [however] not a defense . . . but is an independent cause of action and must be complete by itself." 80 C.J.S. 16, Set-Off and Counterclaim § 9 (2000). Thus, while a subrogee may stand in the place of the insured and is subject to any and all defenses which would have been available against the insured had the insured brought suit in its own name, a counterclaim is not one of these rights or defenses and, therefore, cannot be asserted against a nonparty to the action.
 CONCLUSION
Accordingly, the plaintiff's motion to dismiss the defendants' counterclaim for lack of jurisdiction is granted.