[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 11, 2001, the plaintiff Allingtown Taxpayers Alliance filed an action requesting that the court order the defendants to hold a statutory hearing pursuant to General Statutes § 7-329 on the issue of terminating the Allingtown Fire District located in West Haven, Connecticut. The named defendants are Aaron Haley, Calvin DeLoatch and John Sampieri, the three Fire Commissioners of the Allingtown Fire District as of June 11, 2001, and the Allingtown Fire District, itself.
The plaintiff Taxpayers Alliance ("the Alliance") seeks temporary and permanent injunctive relief, prohibiting the defendants from "failing to hold the hearing," which the plaintiff argues is required by[1]
General Statutes § 7-329.
On July 5, 2001, the defendants filed a motion to dismiss the action for the following reasons: (1) the defendants were not properly served with copies of the complaint, application for temporary injunctive relief, and an order to show cause; (2) the court lacks subject matter jurisdiction to grant the relief requested, as the court is without authority to order a legislative commission to hold a hearing; (3) the relief requested by the plaintiff has already occurred on May 1, 2001; (4) the City of West Haven has no authority over the defendants, as the Allingtown Fire District is a self taxing district, organized by charter; (5) the return date on said complaint is incorrect; (6) the plaintiff has failed to exhaust its administrative remedies; and (7) the Alliance is not a duly registered entity that merits recognition under the laws of the State of Connecticut.
Pursuant to[2] Connecticut Practice Book § 10-31 a motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person and (3) improper venue. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Richardello v. Butka, 45 Conn. Sup. 336, (1997), Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182 (1999),Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62 (1989). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Villager Pond, Inc. v. Darien,supra at 183, Mahoney v. Lensink, 213 Conn. 548, 567 (1990). "Standing is the legal right to set judicial machinery in motion. . . . If a party is CT Page 15922 found to lack standing, the court is without subject matter jurisdiction to determine the cause." City of Middletown v. P G Enterprises Ltd.Part., 45 Conn. Sup. 435, 437 (1998).
The court finds that the Alliance filed its action in the judicial district of Ansonia-Milford at Milford on June 11, 2001. Upon receipt of the plaintiffs complaint, application for injunctive relief and order to show cause, the clerk's office assigned a hearing date for July 9, 2001. The court clerk further ordered that service be made on the three defendant fire commissioners on or before July 3, 2001.
Despite the fact that service of process was not effectuated by the plaintiff on the three defendant fire commissioners the defendants, through counsel, appeared on July 9, 2001 and requested a continuance for a hearing regarding their motion to dismiss. The court granted his request of the defendants and scheduled a new date of July 23, 2001. It is also noted that the defendants filed their motion to dismiss on July 5, 2001, contesting the court's subject matter jurisdiction and in personam jurisdiction over the defendants.
On July 12, 2001, the plaintiff refiled its application for temporary injunctive relief, order to show cause and complaint, which now contained a return date of August 7, 2001. Upon receipt of these documents, the court clerk scheduled the hearing on the injunctive relief for July 23, 2001, the date previously requested by the defendants for a hearing on their motion to dismiss. The court clerk in receiving this new action and scheduling it for July 23, 2001, did not assign any new date for service of process on the defendants, and did not issue any new order to show cause. However, a review of the court record reveals a state marshal's return of service indicating that defendants Haley, Sampieri and DeLoatch were served with the appropriate copies of the plaintiff's action by abode service on July 13, 2001, prior to the scheduled hearing date of July 23, 2001 for the defendants' motion to dismiss.
Further review of the court record indicates that the original action filed by the plaintiff on June 11, 2001, bore a return date of June 26, 2001. The current docket number was assigned to that action. Although service of process on the defendants was never effectuated, the clerk treated the second filing by the plaintiff as a continuation of the original action, and not as a new action. The second action bearing a return date of August 7, 2001 was filed, and the same docket number as the original action was "carried over" and assigned to the second action.
On July 23, 2001, the court decided that an evidentiary hearing was necessary for the court to determine the merits of the defendants' motion CT Page 15923 to dismiss. For the sake of judicial economy, testimony and evidence was also to be offered regarding the plaintiff's request for injunctive relief in the event the defendants were unsuccessful in convincing the court to dismiss the plaintiff's action. The evidentiary hearing was scheduled for August 27, 2001.
The testimony and evidence reveal that the plaintiff, Taxpayers' Alliance has been registered with the Connecticut Secretary of State for several years as a business corporation bearing the name of the Allingtown Taxpayers Alliance of West Haven, Inc. The Chairman is listed as John Dellilo; the Secretary is Curtis Jordan; and the Director is Stephen Burke. Each individual at the time of said registration was listed as residing within the boundaries of the Allingtown Fire District in West Haven, Connecticut. The corporate entity owns no real or personal property assets, that are subject to taxation by the Allingtown Fire District. Thus, the Alliance as a corporation pays no fire district taxes to the Allingtown Fire District. The officers of the corporation do pay fire district taxes as individual property owners, but not as a legal corporate entity.
On July 11, 2000, a petition signed by 258 voters of the Allingtown Fire District was submitted to the clerk of said district calling for the dissolution and termination of said Fire District. This petition was submitted pursuant to General Statutes § 7-329. The filing of the petition required the clerk of said district to call a special meeting of the voters residing within said district. This notice for a special meeting of the voters within said fire district was never issued, despite the requirements of General Statutes § 7-329 and[3] General Statutes § 7-325. This non-action by the clerk of the fire district deprived the voters of said district of the opportunity to file a second petition within twenty-four hours prior to a special meeting, requiring a referendum to be held on the question of whether or not the fire district should be terminated. Termination of the fire district could have resulted if two-thirds of the voters who voted in any subsequent referendum, voted to terminate the district.
Instead of complying with General Statutes § 7-329, the Board of Fire Commissioners chose to ignore the petition. In May, 2001, the Board of Fire Commissioners discussed the petition at a public hearing, but took no vote on the matter. No legal notice of this hearing was given to the voters in the Allingtown Fire District pursuant to General Statutes7-325. On August 7, 2001 the Board of Fire Commissioners, now consisting of defendants Sampieri and Haley along with newly elected commissioner, John Pickering voted against terminating the fire district. Once again there was no publication of notice of this meeting as required by General Statutes § 7-325. CT Page 15924
The Board of Fire District Commissioners has consistently taken the position that the voters of the Allingtown Fire District could not initiate a referendum to dissolve or terminate the fire district. It has been the Fire Commissioner's position that no action could be taken by the voters unless the Fire Commissioners themselves voted first to terminate the fire district. If the Fire Commissioners voted to terminate the district, a referendum would then be held if a petition was filed by the requisite number of voters. The referendum question would be to uphold the fire commissioners decision to terminate the fire district, or to oppose this decision by the fire commissioners. This position of the defendants is illogical and also a violation of General Statutes §7-329. Under the reasoning proposed by the defendants, those opposing a termination of the district would be allowed to file a petition to hold a referendum. However, those voters wishing to terminate the district would never have a right to petition to have a referendum if the fire commissioners never take a vote first, to terminate the district.
A review of Public Acts 82-213, 83-502 and 89-370 and the relevant legislative history of General Statutes § 7-329, clearly indicates that the voters may petition for termination of the Allingtown Fire District without a vote of the Board of Fire District Commissioners to terminate the district being a prerequisite. The objective of the legislature was to allow two ways to terminate a district, either by a vote of the fire commissioners or a petition signed by the voters. It was not the intent of the legislature to require both. The Fire Commissioners were required to hold a special meeting of the voters of the fire district within thirty days of the receipt of the petitions on July 11, 2000, and they did not do so. Additionally, they needed to advertise the notice of any special meeting at least fourteen days before such meeting in the manner set forth in General Statutes § 7-325, and they did not do so. Therefore, any vote "not to terminate said fire district" taken on August 7, 2001 was illegal, as it was not properly advertised.
The court additionally rejects the defendants' argument that it lacks subject matter jurisdiction due to the fact that the plaintiff has failed to exhaust its administrative remedy. As discussed, the taxpayers and voters of the Allingtown Fire District have been given the right to petition a special meeting of the Board of Fire Commissioners and an additional right to file a petition seeking a referendum on whether or not to dissolve said fire district. This right is set forth in General Statutes § 7-329. The voters and taxpayers of the Allingtown Fire District need not await an affirmative vote of the Fire District Commissioners in order to initiate proceedings to dissolve the Allingtown Fire District. CT Page 15925
The plaintiffs action, however, must be dismissed. The court lacks subject matter jurisdiction because of the plaintiff's failure to serve a copy of the complaint, application for temporary injunction and order to show cause on the named defendants prior to July 3, 2001, as ordered by the court. The plaintiff failed to comply with[4]General Statutes § 52-54.
Delivery of a second complaint containing new hearing dates is insufficient under General Statutes § 52-54 and[5] § 52-57(a)(b). This defect cannot be cured by General Statutes[6] § 52-72 or[7]
§ 52-130. The defendants filed a motion to dismiss on July 5, 2001. None of the defendants had been served by July 3, 2001 as ordered by the court. "Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original, internal quotation marks omitted). Bridgeport v. Debek,210 Conn. 175, 179-80, 554 A.2d 728 (1989). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Extey v.Connecticut Yankee Greyhound Racing, Inc. 59 Conn. App. 224, 235-35,755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000). The court also notes that even when the plaintiff amended its action and attempted proper service of process a second time, it failed to name John Pickering, a newly elected commission member as a defendant. Pickering assumed office and the duties of a fire commissioner on July 1, 2001, replacing defendant DeLoatch whose term had expired on June 30, 2001. The court also notes that the subsequent service of process of the second complaint was served on the fire chief of defendant Allingtown Fire District, rather than the clerk of said fire district as directed by General Statutes § 52-57.
Lastly, the court finds that the Allingtown Taxpayers Alliance of West Haven, Inc. has no legal standing to maintain the present action. In order to vote in any referendum regarding the Allingtown Fire District, one must qualify by being a voter or taxpayer within said district. While the individual officers of the Taxpayers Alliance may be both, the corporate entity is neither. The Taxpayers Alliance does not own real or personal property assessed at a value of at least $1,000.00 within said district. It has no pecuniary interest in said tax district and the taxing and spending policies of the Allingtown Fire District. Thus the plaintiff lacks standing to maintain the subject action. Only a party with a "substantial and legitimate interest" can bring an action. StamfordHospital v. Vega, 236 Conn. 646, 657 (1996). A party must make a "colorable claim of a direct injury." Ramos v. Vernon, 254 Conn. 799, 809
(2000). CT Page 15926
"Jurisdiction of the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Federal Deposit Ins. Card v. Crystal, 251 Conn. 748,763, 741 A.2d 956 (1999). "A claim that the court lacks subject matter jurisdiction may be raised at any time." Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451
(1998). "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collabrative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997).
The court for the reasons stated herein, hereby dismisses the action due to a lack of in personam jurisdiction over the defendants and for a lack of subject matter jurisdiction. While this decision granting the motion to dismiss is rendered in the form of a final judgment, only the present action has been terminated. While the court has discussed factual findings and matters of law, as they relate to jurisdictional questions, the court makes no final determination as to the merits of the action. Plaintiffs whose matters have been dismissed for reasons of insufficient service or return of the writ or for want of jurisdiction may commence a new action for a writ of mandamus, subject to the requirements of[8] General Statutes § 52-592(a).
The Court
Richard E. Arnold, Judge