LEE G. WACHTER *v.* UDV NORTH AMERICA, INC.
(AC 22809)

Lavery, C. J., and Dranginis and Peters, Js.

Argued December 3, 2002—officially released March 11, 2003

*Scott R. Lucas*, with whom was *Mary Alice S. Canaday*, for the appellant (plaintiff).

*Conrad S. Kee*, with whom, on the brief, were *Seth F. Eisenberg* and *Christine Shields*, for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Lee G. Wachter, appeals from the order of the trial court denying his motion to vacate an arbitration award rendered in favor of the defendant, UDV North America, Inc. On appeal, the plaintiff claims that (1) the arbitration award violated public policy, (2) the arbitrator manifestly disregarded the law and (3) the arbitration award violated his rights to his extreme prejudice. We affirm the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of the plaintiff's appeal. On or about May 19, 2000, the plaintiff entered into a written employment agreement with the defendant to serve as its senior vice president-information systems in the defendant's Stamford office. The plaintiff was to receive $250,000 annually as a base salary. He was also entitled to participate in the defendant's economic profit incen-

tive plan (incentive plan) and a share plan. On January 10, 2001, the plaintiff's employment was terminated without cause by the defendant pursuant to paragraph 4.4 of the employment agreement.[1] The defendant stated in its termination letter that it would pay the plaintiff in lieu of requiring his services for the ninety day notice period.

The plaintiff was entitled to certain compensation upon his termination according to paragraph 5 (c) of the employment agreement, including (1) any unpaid portion of his salary and any unpaid amounts under any compensation plan the plaintiff was entitled to through the effective date of termination, (2) two years salary plus 50 percent of the remaining balance of the incentive plan "bonus bank" in exchange for a release approved by the defendant,[2] and (3) federally required medical, dental or vision coverage for a period of twelve months from the date of termination unless the plaintiff became eligible for coverage under a comparable plan with a new employer.

Also on January 10, 2001, the defendant provided a release agreement to the plaintiff and asked that it be returned within twenty-one days. The release offered the plaintiff (1) a sum of $62,500 in lieu of the required ninety day notice period, (2) two years base salary, (3)

---

[1] Paragraph 4.4 of the employment agreement states: "The [defendant] may terminate this Agreement and [the plaintiff's] employment without Cause at any time on ninety (90) [days] advance written notice to [the plaintiff]."

[2] Paragraph 5 (c) (ii) of the employment agreement states in relevant part that "in lieu of any further Base Salary and Incentive payments to [the plaintiff] for periods subsequent to the Date of Termination and in exchange for a release approved by the [defendant], the [defendant] shall pay an additional sum equal to twenty four (24) months of Base Salary at the rate in effect at the time Notice of Termination is given, such amount to be paid, at [the plaintiff's] sole election, in substantially equal monthly installments or a lump sum plus 50% of remaining balance of the Incentive Plan bonus bank . . . ."

certain rights regarding the federally required medical coverage and (4) $80,156.50 from the incentive plan bonus bank. The severance package of the two years salary and the incentive plan bonus bank for which the release was exchanged totaled $580,156.50 (severance package). The release deferred any determination of compensation owed to the plaintiff from the share plan to the terms of that plan concerning the vesting of benefits. To receive the enumerated benefits, the plaintiff would have to agree to waive any rights or claims he may have against the defendant.[3] The plaintiff refused to sign the release. The reasons for his refusal to sign the release were that it contained an incorrect termination date and did not provide him with the benefits to which he believed he was entitled under the incentive plan and the share plan. The defendant extended the time for the plaintiff to sign the release from January 21 until February 26, 2001. The defendant also acknowledged the incorrect termination date and provided the plaintiff with the benefits to which he was entitled during the ninety day notice period.

On February 28, 2001, the plaintiff filed a claim with the American Arbitration Association pursuant to paragraph eighteen of the employment agreement.[4] In his

___

[3] The release states in relevant part: "[The plaintiff agrees] that the compensation and benefits arrangements set forth in this agreement constitute consideration for this agreement to which you would not otherwise be entitled and are in lieu of any rights or claims that you may have with respect to separation benefits, or any other form of remuneration from the [defendant] or any of its affiliates, and in consideration thereof, after the opportunity to consult legal counsel, you . . . forever waive all claims, rights and causes of action . . . that you . . . may have . . . . By signing this release you will have waived any right you may have to pursue or bring a lawsuit or make any legal claim against the [defendant] based on any actions taken by the [defendant] up to the date of the signing of this release. Except nothing provided for under this release and agreement limits any rights you may have to enforce the terms of this agreement . . . or your rights under [federal law to certain medical coverage]."

[4] Paragraph eighteen states in relevant part that the parties "mutually consent to the resolution by arbitration of all claims or controversies, whether or not arising out of [the plaintiff's] employment or its termination,

complaint, the plaintiff sought recovery of sums pursuant to the severance package and compensation under the incentive plan and share plan. Furthermore, the plaintiff sought damages under theories of breach of the covenant of good faith and fair dealing, violation of General Statutes § 31-72 for unpaid wages and negligent infliction of emotional distress. The arbitrator, Carol K. Young, issued a written award on November 1, 2001. She determined that the plaintiff's failure to sign the release and his institution of the arbitration proceedings constituted a waiver of his rights to the severance package. In addition, the arbitrator found that the terms of incentive plan and share plan gave discretion to the duly appointed individuals of the defendant to determine what benefits, if any, the plaintiff was entitled to receive upon cessation of his employment and that those individuals appropriately had exercised their discretion in finding that the plaintiff was not entitled to any benefits under those plans. The arbitrator also found that there was no basis for the plaintiff's claim that the unpaid severance package amounted to improperly withheld wages under § 31-72. The remainder of the plaintiff's claims were summarily rejected by the arbitrator.

On November 21, 2001, the plaintiff filed an application to vacate the arbitration award pursuant to General Statutes § 52-418 (a) (3) and (4),[5] alleging that the award

that [the plaintiff] may have against the [defendant], or against its directors, officers, employees or agents, or that the [defendant] may have against [the plaintiff]."

[5] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

violated public policy and constituted a manifest disregard of the law. The court heard argument on December 17, 2001, and reviewed the exhibits presented at the arbitration hearing.[6] On February 11, 2002, the court issued an oral decision from the bench.[7] The court, applying Connecticut arbitration law, denied the plaintiff's application to vacate the arbitration award. This appeal followed.

"[T]he law in this state takes a strongly affirmative view of consensual arbitration. . . . Arbitration is a favored method to prevent litigation, promote tranquility and expedite the equitable settlement of disputes. . . . As a consequence of our approval of arbitral proceedings, our courts generally have deferred to the award that the arbitrator found to be appropriate. . . . The scope of review for arbitration awards is exceedingly narrow. . . . Additionally, every reasonable inference is to be made in favor of the arbitral award and of the arbitrator's decisions." (Citations omitted; internal quotation marks omitted.) *Rocky Hill Teachers' Assn.* v. *Board of Education*, 72 Conn. App. 274, 278, 804 A.2d 999, cert. denied, 262 Conn. 907, 810 A.2d 272 (2002).

"These well established principles governing consensual arbitration are subject to certain exceptions. Even

---

[6] No transcripts were provided to the court.

[7] On appeal, the plaintiff has failed to provide this court with a signed transcript of the court's oral decision as required by Practice Book § 64-1 (a). "We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review." *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 691 n.1, 751 A.2d 394 (2000). "This court, however, has the discretion to consider an appeal on its merits despite this procedural irregularity if the transcript contains a sufficiently detailed and concise statement of the trial court's findings." (Internal quotation marks omitted.) *State* v. *Nesteriak*, 60 Conn. App. 647, 651 n.6, 760 A.2d 984 (2000). Because the transcript, which the defendant provided in the appendix to its brief, contains a thorough statement of the court's decision and reasoning, we will review the merits of the plaintiff's claims.

in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418." (Internal quotation marks omitted.) *Local 1042, Council 4, AFSCME, AFL-CIO* v. *Board of Education,* 66 Conn. App. 457, 463, 784 A.2d 1018 (2001). Section 52-418 provides for the vacation of an arbitral award under the following circumstances: "(1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definitive award upon the subject matter submitted was not made."

We conclude that the plaintiff's claims are frivolous and without merit. The plaintiff's first claim is that the arbitration award violated the public policy favoring arbitration. That claim is disingenuous. Although Connecticut recognizes the public policy favoring arbitration,[8] the facts of this case belie the plaintiff's assertion that this policy was implicated. The employment agreement specifically provided for the arbitration of disputes. It was the plaintiff who initiated the arbitration proceedings. In addition, the plaintiff had a full arbitral hearing of his disputes against the defendant. The fact that the plaintiff is disappointed with the result

[8] See *Board of Education* v. *East Haven Education Assn.,* 66 Conn. App. 202, 207, 784 A.2d 958 (2001).

of arbitration does not mean that the public policy favoring arbitration was violated.

The plaintiff's second claim is that the trial court should have determined that the arbitrator manifestly disregarded the law regarding the implied covenant of good faith and fair dealing. That, he contends, warrants vacation of the arbitration award under § 52-418 (a) (4). The plaintiff, however, is mistaken. The thrust of the plaintiff's claim is that he disagrees with the arbitrator's conclusion that the defendant did not act in bad faith. Because the arbitration clause was an unrestricted submission,[9] we will not review the arbitrator's legal conclusions. "Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Internal quotation marks omitted.) Id., 461. Even if we were to review the claim, our analysis would be hindered because the plaintiff has failed to provide this court with the transcript of the arbitration hearing. See Practice Book § 61-10.

Finally, we decline to review the plaintiff's third claim that the arbitration award violated his rights to his extreme prejudice. The plaintiff provides no case law or analysis of his claim in his brief. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief

---

[9] A submission to arbitration is unrestricted if there is no express language restricting the breadth of issues, reserving explicit rights or conditioning the award on court review. See *Local 1042, Council 4, AFSCME, AFL-CIO* v. *Board of Education*, supra, 66 Conn. App. 460.

the issue properly. . . . We will not review claims absent law and analysis." (Internal quotation marks omitted.) *State* v. *Pulaski*, 71 Conn. App. 497, 499 n.4, 802 A.2d 233 (2002). Because the plaintiff's brief is inadequate, we deem his third claim abandoned and, therefore, decline to afford it review.

The judgment is affirmed.

In this opinion the other judges concurred.

