20 ORCHARD STREET, LLC *v.* WATER POLLUTION
CONTROL AUTHORITY OF THE
TOWN OF BROOKFIELD
(AC 23112)

Lavery, C. J., and Schaller and Peters, Js.

Argued May 5—officially released July 29, 2003

*Neil R. Marcus*, for the appellant (plaintiff).

*Jeffrey B. Sienkiewicz*, for the appellee (defendant).

*Opinion*

PETERS, J. According to the regulations of the town of Brookfield water pollution control authority (authority), an applicant requesting a sewer connection must submit with its application information regarding the location of the proposed sewer connection. The dispositive question presented on this appeal is whether an applicant is entitled to a writ of mandamus to compel the authority to grant a sewer connection application that the authority rejected for failure to contain the required information. The trial court denied the plaintiff's writ of mandamus. We agree and affirm the judgment of the trial court.

On January 23, 2002, the plaintiff, 20 Orchard Street, LLC, presented to the defendant authority two applications for sewer service for property located at 26-30 Orchard Street in Brookfield. The plaintiff wanted to develop the subject property to include a 3000 square foot office building and a forty-five unit residential building. To move forward with the development, the plaintiff requested permission to connect the proposed buildings to the existing town sewer located on nearby land owned by the state.

The authority reviewed and denied the plaintiff's applications on the day of their submission. The authority determined that the "subject property is not identified as a property for which sewer service is available as defined in Section 1.2 of the Water Pollution Control Authority Rules and Regulations . . . . It is also noted that because of the limited remaining [sewer] capacity, the Authority cannot make any exception for this due to the constraints of said limited remaining capacity. It is further noted that the application plans are not in conformance with the requirements of the regulations and should a subsequent application be submitted or should further action on the pending applications be required that detailed plans for the building sewer and any other details necessary to service the property will be required."

The plaintiff thereafter filed an application for a writ of mandamus with the Superior Court, requesting the court to "issue the permit to connect and discharge into the sewer." The plaintiff claimed that the authority was required to grant the plaintiff's applications because the town had sufficient sewage capacity available for the proposed buildings. The denial of the applications, according to the plaintiff, left it with no adequate remedy at law to pursue the development of its property.

The authority denied the allegations of the plaintiff's complaint and asserted one special defense. In that special defense, the authority alleged that the existing agreement between the town of Brookfield and the city of Danbury, pursuant to which Brookfield contracts for the discharge of its sewage into the Danbury treatment plant, did not provide the requisite additional discharge capacity for the plaintiff's property.[1]

The trial court rendered judgment for the authority. In an oral decision,[2] the court concluded that the authority had made a good faith assessment of the plaintiff's applications. The court further held that the plaintiff had not established all of the prima facie elements necessary for the issuance of a writ of mandamus. Specifically, the plaintiff had failed to prove that the action undertaken by the authority was ministerial in nature and that the action had impaired a "clear legal right" of the plaintiff.

On appeal from the court's denial of a writ of mandamus, the plaintiff makes five claims. It argues that the court improperly concluded that (1) the authority considered the merits of the plaintiff's applications in good

[1] It is undisputed that, in 1999, the authority had allocated 15,000 gallons of sewage discharge to the plaintiff's predecessor in title, PSI Capital Corporation. That agreement, however, expired in May, 2000, several months before the plaintiff's applications. It is equally undisputed that the plaintiff's applications requested a smaller amount of sewage discharge than that allocated to PSI Capital Corporation.

[2] "On appeal, the plaintiff has failed to provide this court with a signed transcript of the court's oral decision as required by Practice Book § 64-1 (a). We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review. . . . This court, however, has the discretion to consider an appeal on its merits despite this procedural irregularity if the transcript contains a sufficiently detailed and concise statement of the trial court's findings." (Citation omitted; internal quotation marks omitted.) *Wachter* v. *UDV North America, Inc.*, 75 Conn. App. 538, 543 n.7, 816 A.2d 668 (2003). Because the unsigned transcript sufficiently sets forth the trial court's findings, we will address the plaintiff's claim.

faith, (2) the authority's decision was a discretionary act, (3) the plaintiff did not have a "clear legal right" to the requested sewer connections, (4) the applications did not qualify under § 1.2 of the Brookfield water pollution control authority regulations because the applications were incomplete and (5) the town did not have the capacity to dispose of the sewage that would be generated by the proposed buildings. The authority asks us to affirm the court's decision.

"We note at the outset the requirements for the issuance of a writ of mandamus. Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy. . . . We review the court's decision, therefore, to determine whether it abused its discretion in denying the writ." (Citation omitted; internal quotation marks omitted.) *Grasso* v. *Zoning Board of Appeals*, 69 Conn. App. 230, 234–35, 794 A.2d 1016 (2002); see also *Miles* v. *Foley*, 253 Conn. 381, 391, 752 A.2d 503 (2000).

To satisfy a crucial element of an action for a writ of mandamus, the plaintiff had to demonstrate that it had "a clear legal right" to the requested permit for sewage service. Because we conclude that the plaintiff did not satisfy this requirement, we need not address the plaintiff's other arguments for reversal of the judg-

ment of the trial court. See *Golab* v. *New Britain,* 205 Conn. 17, 20, 529 A.2d 1297 (1987).

The plaintiff maintains that it had a "clear legal right" to the requested connections because connection of the public sewer to the site of the proposed buildings was physically feasible. Although the sewer was not directly adjacent to the plaintiff's property, the plaintiff claimed that it could access the sewer by means of an easement over a strip of state land. We are not persuaded.

The plaintiff's argument can be sustained only if the right it claims to have is cognizable without compliance with the regulations promulgated by the authority. The plaintiff does not challenge the validity of these regulations. It focuses, instead, on the expense that is involved in preparing the applications that the authority requires. In light of those expenses, the plaintiff claims that it sufficiently complied with the regulations by submitting preliminary applications that, if approved in principle, would thereafter be supplemented by a complete application containing all the information that the authority requires to reach a final decision.

Whatever the intrinsic appeal of the plaintiff's position may be, it has not provided, nor could we find, any authority that entitles an applicant to obtain a sewer connection on the basis of an incomplete or "preliminary application." More importantly, the authority's regulations expressly contradict this proposition.

Section 1.1.5.1 of the Brookfield water pollution control authority regulations provides: "All applicants must file with their application for Sewer Connection Permit *a detailed site plan depicting property limits, proposed buildings, grease traps and their connections to the sanitary sewer line.* In the case of applications for multifamily, commercial or industrial uses, such plans shall be prepared by a Connecticut licensed profes-

sional engineer or land surveyor to the degree of accuracy required of a class A-2 survey." (Emphasis added.) In addition, § 1.3 of the regulations directs the authority to deny any application that is incomplete, specifically if any of the items enumerated in § 1.1.5 are not included.[3]

Accordingly, in Brookfield, an applicant has no "clear legal right" to a sewer connection if it does not submit an application containing the information that the regulations require. This information is not irrelevant to the authority's decision making, and the plaintiff does not argue to the contrary.

In the present case, the trial court reasonably could conclude that the plaintiff's applications did not conform with the regulations. At the hearing before the court, Paul Scalzo, a member of the plaintiff company, testified that the applications did not pinpoint the location of the proposed sewer access. Similarly, Michael Lillis, the plaintiff's engineer, testified that the plans submitted with the applications did not include data required by the regulations to show the feasibility of the proposed sewer connections. Additionally, Allan Chirchester, the chairperson of the authority, noted that, before the appeal, he had not made been aware of an existing easement, or of the plaintiff's intention of obtaining an easement, over the state's land, to connect the proposed buildings to the public sewer.

Our review of the record persuades us that the trial court did not abuse its discretion in denying the writ of mandamus sought by the plaintiff. The authority's regulations clearly require sewer connection applications to include essential information such as detailed site plans. It is entirely reasonable to require an appli-

---

[3] Section 1.3 of the Brookfield water control pollution authority regulations provides: "Applications for Sewer Connection Permits which are incomplete or which are not accompanied by the items specified in Section 1.1.5 of these Regulations shall not be approved."

cant to provide such information so that the authority can make a reasoned judgment on the merits of an application. The plaintiff has not established that, despite knowingly having failed to comply with the regulations, it had a "clear legal right" to a sewer connection permit.

The judgment is affirmed.

In this opinion the other judges concurred.